UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 20-3-DLB

NOAH JONES                                                                                       PLAINTIFF

v.                          **MEMORANDUM OPINION AND ORDER**

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security**                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

I.      **INTRODUCTION**

This matter is before the Court upon a Motion for Attorney's Fees (Doc. # 24) filed by Plaintiff.  The Commissioner has filed a Response (Doc. # 26), and the time for filing a Reply has passed with none being filed.  The Motion is thus ripe for the Court's review, and for the reasons stated herein, Plaintiff's Motion for Attorney's Fees (Doc. # 24) is **granted**.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Noah Jones filed this action in January 2020, seeking the Court's review of an adverse decision made by an Administrative Law Judge of the Social Security Administration ("SSA").  (Doc. # 1).  The Commissioner filed its Answer and a copy of the Administrative Record (Doc. # 11), and Mr. Jones filed his Motion for Summary Judgment. (Doc. # 13).  Instead of filing a Cross-Motion for Summary Judgment, the Commissioner filed a Motion to Remand the case for additional administrative proceedings.  (Doc. # 17). Mr. Jones did not oppose the Motion to Remand (*id.*), and the Court remanded the case

to the SSA in August 2020, reversing the previous decision and ordering further proceedings. (Doc. # 18). After remand but before final re-adjudication, Mr. Jones' counsel, Patrick House, filed his first Motion for Attorney's Fees in October 2020, seeking $3,918.75 under the Equal Access to Justice Act ("EAJA"). (Doc. # 21). The Court awarded Mr. House the full requested amount in April 2021 under the EAJA and *Astrue v. Ratliff*, 560 U.S. 586 (2010). (Doc. # 23).

After that first award of fees, the ALJ to which Mr. Jones' case was remanded gave Mr. Jones a favorable decision, and the SSA awarded him $66,256.52 in past-due benefits in May 2021. (Doc. # 24 at 2). Now, Mr. House has filed a second Motion for Attorney's Fees, seeking to collect $6,564.13 under 42 U.S.C § 406(b)(1), to be paid from the money awarded to Mr. Jones in past-due benefits. (Doc. # 24 at 1). According to Mr. House, the SSA set aside 25 percent of Mr. Jones' benefits, totaling $16,564.13, for attorney's fees. (*Id.* at 2). The 25 percent amount is in accordance with the Fee Agreement signed by Mr. Jones before Mr. House undertook the legal representation. (Doc. # 21-2). Mr. House requested $10,000 of the set-aside money as compensation for work performed before the SSA, and the SSA awarded him $10,000 while noting that it would "withhold the rest, $6,564.13, in case [Mr. House] asks the Federal Court to approve a fee for work that was done before the Court." (*Id.* at 2) (quoting Doc. # 21-4).

Accordingly, Mr. House now asks this Court to direct the SSA to award him the remaining amount of $6,564.13 as compensation for work performed before this Court. (*See id.* at 1). The SSA has filed a Response to Mr. House's Motion, in which it points out potential procedural problems, while also indicating that it believes Mr. House's request to be reasonable. (*See* Doc. # 26).

2

**III.    ANALYSIS**

Fees are awarded to attorneys in Social Security cases by way of two statutes: § 406 of the Social Security Act, and 28 U.S.C. § 2412, more commonly known as the Equal Access to Justice Act (EAJA).  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 795-97 (2002).  However, an attorney cannot recover fully under both statutes; where an attorney has already been awarded fees under one statute, upon receiving the second award, the attorney "must refund to the claimant the amount of the smaller fee." *Id.* at 796. (internal quotations omitted).  With specific respect to § 406, subsection (a) governs fees for representation in administrative proceedings before the SSA, and subsection (b) governs fees for representation before the federal district court on appeal. *Id.* at 794.  Subsection (b) allows the court to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent . . . of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).

When a party is represented by an attorney under a contingency fee arrangement and the party later obtains a favorable outcome, the SSA can withhold up to 25 percent of the claimant's past-due benefits in accordance with the fee arrangement.  *See Gisbrecht*, 535 U.S. at 795; *see also Culbertson v. Berryhill*, 139 S. Ct. 517 (2019) (holding that the 25 percent cap applies separately to fees under § 406(a) and (b)).[1]  However, of the withheld fees, the SSA is only entitled to award fees under § 406(a) for representation before the SSA – thus, if the representation included practice before a

---

[1]    Despite the ruling in *Culbertson*, the SSA's regulations still provide that it is standard practice for the SSA to withhold either 25 percent of the total of the past-due benefits, or another reasonable amount set by the Agency.  20 C.F.R. § 404.1730(b).  Presumably, "another reasonable amount" provides for *Culbertson*'s holding that fees withheld under § 406(a) are not subject to the Social Security Act's 25 percent cap on § 406(b) fees.  *See* 42 U.S.C. § 406(a)-(b).

3

district court, an attorney must also obtain an award from the district award under § 406(b) to access the full amount withheld. *See* 42 U.S.C. § 406(a)-(b). As previously stated, in this case, Mr. House and the claimant, Mr. Jones, entered into a contingency fee arrangement, under which Mr. House would receive 25 percent of any past-due benefits awarded to Mr. Jones. (Doc. # 21-4). After Mr. Jones received a favorable outcome, the SSA accordingly withheld 25 percent of his past-due benefits, totaling $16,564.13. (Doc. # 24 at 2). Mr. House then requested and received $10,000 from the SSA under § 406(a), leaving $6,564.13 for him to request from this Court under § 406(b). (Doc. # 24 at 2). He has made that request by the instant Motion, and thus, the Court must evaluate whether the request is reasonable under § 406(b). *See Gisbrecht*, 535 U.S. at 799-800.

A.   **Standard of Review**

Under § 406(b), contingency fee agreements are permitted, but a court should review the agreement "to assure that they yield reasonable results in particular cases." *Id.* at 807. In the Sixth Circuit, a signed contingency fee agreement that accounts for § 406(b)'s 25 percent cap is afforded a rebuttable presumption of reasonableness. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991)). Additionally, an hourly rate less than twice the standard rate is generally considered *per se* reasonable, but because hourly rates above twice the standard rate can also be reasonable, the hourly rate should be used only as "one relevant factor in determining the reasonableness of the contingency fee." *Id.* (internal quotations omitted). The reasonableness inquiry is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808 (collecting cases). Nonetheless, in the Sixth Circuit, absent exigent

4

circumstances, "due deference should be given to . . . the intentions of the parties" when a contingency fee agreement is entered into before the representation begins. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (citing *Bailey v. Heckler*, 777 F.2d 1167 (6th Cir. 1985)).

### B. Reasonableness Inquiry

Here, it is most noteworthy that the Commissioner does not oppose Mr. House's Motion on grounds of reasonableness, as she "considers the fee Plaintiff's attorney seeks to be reasonable." (Doc. # 26 at 2). Otherwise, on its own review, the Court agrees. Mr. House's request of $6,564.13, according to him, represents 31.35 hours of work performed before this Court, which equals $209.38 per hour. (Doc. # 24 at 4). The "standard rate" used in the Sixth Circuit is equal to the EAJA rate. *Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 829-30 (S.D. Ohio 2018) (collecting cases). Currently, the EAJA rate is $125.00, 28 U.S.C. § 2412(d)(2)(A), meaning that any amount under $250.00 requested by Mr. House is *per se* reasonable. *Lasley*, 771 F.3d at 309.

Additionally, as Mr. House points out, he did obtain a favorable result for Mr. Jones, who has been awarded $66,256.52 in past-due benefits, in addition to recurring future benefits resulting from his newly determined disability status. (Doc. # 24 at 2). Before Mr. House's representation, Mr. Jones was due to receive no benefits from the SSA. (*See* Doc. # 1). Mr. Jones also signed a fee agreement, entered into the Court's record, that his past-due benefits would be reduced by 25 percent and paid to Mr. House as compensation for the representation. (Doc. # 21-2). The fee agreement clearly accounts for the EAJA fee award, in addition to Mr. House's option to seek fees under § 406, and notifies Mr. Jones that he will be refunded the smaller fee. (*Id.* at 1). Lastly, Mr. House's

5

accounting of 31.35 hours is reasonable, as he has provided the Court with a time log, and the Court has already determined that amount of time to be reasonable when it awarded Mr. House EAJA fees.

### C. Procedural Defects

While the Commissioner agrees that Mr. House's request is reasonable, she also points out procedural defects in his Motion. (*See* Doc. # 26). The Commissioner raises that the Motion may be untimely, as the Local Rules require a petition for fees to be filed within 30 days of a final favorable decision. (*Id.* at 2). According to the Commissioner, because Mr. Jones received a final decision in May 2021, Mr. House should have filed his Motion in June 2021, and he did not file until November 2021. (*Id.*). Mr. House addressed this issue in his Motion, writing that because he only requested $10,000 from the SSA, he did not receive notice until October that his request had been granted, and thus he was unable to write a fully accurate request to this Court until after that granting. (Doc. # 24 at 3). Mr. House thus argues that the Court should excuse the procedural defect through equitable tolling. (*Id.*).

Mr. House is correct that a court may invoke equitable tolling in the context of Social Security fee motions. *Hayes v. Comm'r of Soc. Sec.*, 895 F.3d 449, 453-54 (6th Cir. 2018). In considering whether equitable tolling should apply, a court considers: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* (citing *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007)).

With respect to the first, second, and fifth factors, Mr. House has not argued that he was unaware of the requirement that he file a motion for fees within 30 days of the final award. (*See* Doc. # 24 at 3). Thus, those factors are neutral in the Court's considerations, but the remaining two tilt heavily in Mr. House's favor. Mr. House has clearly remained diligent in pursuing his rights, as he received final notice from the SSA that his first request had been approved on October 23, 2021, and the instant Motion followed less than a month later on November 17, 2021. (*Id.*). No evidence suggests that Mr. House was not diligent, and none has been raised by the Commissioner – thus, the third factor favors him. Lastly, the Commissioner will not be prejudiced by equitable tolling. The amount of money requested by Mr. House remains in escrow, and if not awarded to him, then it will be given to Mr. Jones – thus, it makes no matter to the Commissioner whether the Court grants Mr. House's motion. Seeing that two factors of the equitable tolling calculus are in Mr. House's favor while the remaining factors are neutral, the Court will apply equitable tolling to Mr. House's motion and deem it timely filed.

Lastly, the Commissioner has raised that "it appears Plaintiff's attorney has not served a copy of the fee petition on Plaintiff, as required by local rule." (Doc. # 26 at 2). Unfortunately for the Commissioner, the Court sees no merit in this assertion. As previously mentioned, Mr. Jones signed a contingency fee agreement before Mr. House took on his case, which specifically accounted for withholding of fees and requesting of fees from the SSA and from this Court. Thus, Mr. Jones was provided with actual notice of the possibility that Mr. House would request fees from this Court and from the SSA. Furthermore, while the Commissioner has presumably raised this argument based upon

7

the Certificate of Service contained in Mr. House's Motion (Doc. # 24 at 7), which only lists the Commissioner, she has not provided any evidence to suggest that Mr. House has not been in contact with his client regarding his Motion. (*See* Doc. # 26 at 2). Mr. House has provided copies of letters to Mr. Jones from the SSA which clearly state that fees are being withheld from his past-due amount to compensate Mr. House. (*See, e.g.*, Doc. # 24-1). Attorneys usually provide their clients with copies of motions filed in court without listing their names on the Certificate of Service included in the motion – in fact, common sense would indicate such a listing to be duplicative. For these reasons, the Commissioner's procedural objections are overruled.

## IV.   CONCLUSION

Mr. House's second Motion for Attorney's Fees contains a request for fees in accordance with § 406(b) of the Social Security Act. Upon the Court's independent review of the request, it concludes that the request is reasonable. Furthermore, the filing deadline is equitably tolled, and the Motion is deemed to be timely filed, and to the extent that the Commissioner objects to the Motion on procedural grounds, those objections are overruled.

Accordingly, **IT IS ORDERED** that:

(1)   Plaintiff's Counsel's Motion for Authorization of Attorney's Fees (Doc. # 24) is **GRANTED**;

(2)   Pursuant to 42 U.S.C. § 406(b), the Social Security Administration is **DIRECTED** to award the remaining withheld fees in this matter to Plaintiff's attorney, Patrick House, in the amount of $6,564.13, payable to Mr. House and mailed to Paul Baker Law Office, PO Drawer 940, Barbourville, KY 40906; and

(3)   Within fourteen (14) days of receipt of funds from the SSA, Mr. House **SHALL REFUND** fees previously awarded to him under the Equal Access to Justice Act (*See* Doc. # 23) in the amount of $3,918.75 to Plaintiff, pursuant to 28 U.S.C § 2412 and *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

This 31st day of May, 2022.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\SocialSecurity\Fee Orders\6-20-3 MOO re DE 24.docx